# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALTRA INDUSTRIAL MOTION CORP., CARL R. CHRISTENSON, LYLE G. GANSKE, J. SCOTT HALL, NICOLE PARENT HAUGHEY, MARGOT L. HOFFMAN, THOMAS W. SWIDARSKI, LA VONDA WILLIAMS, and JAMES H. WOODWARD, JR.,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.　　Plaintiff brings this action against Altra Industrial Motion Corp. ("Altra" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Regal Rexnord Corporation ("Regal Rexnord").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

2. On October 26, 2022, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Regal Rexnord and Regal Rexnord's wholly owned subsidiary, Aspen Sub, Inc. ("Merger Sub"). The Merger Agreement provides that Altra stockholders will receive $62.00 in cash per share of Company common stock.

3. The Company's corporate directors subsequently authorized the December 14, 2022, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of

---

[2] The stockholder vote on the Proposed Transaction currently is scheduled for January 17, 2023.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Altra common stock.

10. Defendant Altra is a Delaware corporation with its principal executive offices located at 300 Granite Street, Suite 201, Braintree, Massachusetts 02184. Altra's shares trade on the Nasdaq Global Select Market under the ticker symbol "AIMC." Altra is a global designer, producer and marketer of a wide range of electromechanical power transmission motion control products. The Company's technologies are used in various motion related applications and across a wide variety of high-volume manufacturing and non-manufacturing processes in which reliability and precision are critical to avoid costly down time and enhance the overall efficiency of operations. Altra's portfolio consists of 26 well-respected brands including Bauer Gear Motor, Boston Gear, Kollmorgen, Portescap, Stromag, Svendborg Brakes, TB Wood's, Thomson and Warner Electric.

11. Defendant Carl R. Christenson is and has been Chairman of the Board, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12. Defendant Lyle G. Ganske is and has been a director of the Company at all times relevant hereto.

13. Defendant J. Scott Hall is and has been a director of the Company at all times relevant hereto.

14. Defendant Nicole Parent Haughey is and has been a director of the Company at all times relevant hereto.

15. Defendant Margot L. Hoffman is and has been a director of the Company at all times relevant hereto.

16. Defendant Thomas W. Swidarski is and has been a director of the Company at all times relevant hereto.

17. Defendant La Vonda Williams is and has been a director of the Company at all times relevant hereto.

18. Defendant James H. Woodward, Jr. is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On October 27, 2022, the Company announced in relevant part:

BRAINTREE, Mass., Oct. 27, 2022 (GLOBE NEWSWIRE) -- Altra Industrial Motion Corp. (Nasdaq: AIMC) ("Altra" or the "Company"), a premier global manufacturer and supplier of motion control, power transmission and

automation products, announced today that it has entered into a definitive agreement to be acquired by Regal Rexnord Corporation ("Regal Rexnord") for approximately $5.0 billion on an enterprise value basis. Under the terms of the agreement, Altra shareholders will receive $62.00 in cash for each share of Altra common stock, representing a 54% premium to the closing price of the Company's common stock on October 26, 2022. Regal Rexnord has fully committed debt financing and there are no financing conditions associated with the transaction.

"The sale of Altra to Regal Rexnord will provide our shareholders with immediate and substantial cash value, as well as a compelling premium, and the Board of Directors has agreed that this transaction is in the best interests of our shareholders," said Carl Christenson, Chairman and CEO of Altra. "I am extremely proud of the company we have built and I am excited to announce this new chapter for Altra, knowing that the company will have a great home within the Regal Rexnord organization."

Altra's Board of Directors has approved the merger agreement and the transaction is expected to close in the first half of 2023, subject to customary closing conditions, including approval by Altra shareholders and receipt of regulatory approvals. Upon completion of the transaction, Altra shares will no longer be listed on any public market.

**The Materially Incomplete and Misleading Proxy Statement**

21.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on December 14, 2022. The Proxy Statement, which recommends that Altra stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Goldman Sachs & Co. LLC ("Goldman"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

22.     The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the "pre-existing" financial forecasts upon which

Goldman based its financial analysis of an August 20, 2022 proposal to acquire the Company.[3]

23. The Proxy Statement also fails to disclose the "updated financial projections refined by the Company's management, reflecting certain updates since the prior Board meeting on September 8."[4] Similarly, the Proxy Statement also fails to disclose the substance of any updates made to the forecasts reviewed at the September 22 Board meeting to arrive at the "Management Forecasts" set forth on pages 52-53 of the Proxy Statement.

24. The Proxy Statement further fails to disclose the line items underlying the Company's forecasted Adjusted EBITDA and Unlevered Free Cash Flow.

***Material Misrepresentations and/or Omissions Concerning Goldman's Financial Analysis***

25. The Proxy Statement fails to disclose material information concerning Goldman's financial analyses.

26. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the terminal year estimate of the Company's unlevered free cash flow used to calculate the Company's terminal values; (b) the Company's terminal values; and (c) the Company's fully diluted shares outstanding.

27. With respect to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's forecasted adjusted net debt for each of fiscal years 2024, 2025 and 2026; and (b) the projected year-end fully diluted outstanding shares of the Company for each of fiscal years 2024, 2025 and 2026.

28. With respect to the *Selected Transactions Analysis* performed by Goldman, the Proxy Statement fails to disclose the individual financial metrics for each of the transactions

---

[3] *See* Proxy Statement at 36.

[4] *Id*. at 37. The Board and Goldman discussed these forecasts at a September 22, 2022 meeting.

analyzed.

29. With respect to the *Premia Paid Analysis* performed by Goldman, the Proxy Statement fails to disclose the identities of the transactions observed and the individual premia for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

30. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders, including whether any of Regal Rexnord's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

31. The omission of the above-referenced information renders statements in the "Certain Financial Forecasts," "Opinion of Goldman Sachs," "Background of the Merger," and "Interests of Altra's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32. Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Altra**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth

herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Altra is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Altra within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Altra and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Altra, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  December 15, 2022 **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*